IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TETRA FINANCIAL GROUP, LLC, a Utah limited liability company, | **MEMORANDUM DECISION AND ORDER** |
|        Plaintiff and Counterclaim Defendant, | |
| v. | |
| CELL TECH INTERNATIONAL, INC. a Delaware corporation; KAZI MANAGEMENT VI, LLC, a U.S. Virgin Islands limited liability company; ZUBAIR M. KAZI, an individual; and JEAN GLEASON,  an individual, | **Case No. 2:08-cv-935-DAK-PMW** |
|        Defendants and Counterclaim Plaintiffs. | |

| | |
|---|---|
| CELL TECH INTERNATIONAL, INC. a Delaware corporation, | |
|        Third-Party Plaintiff, | |
| v. | |
| TRENTON JELACO, an individual; and GREG EMERY, an individual, | **District Judge Dale A. Kimball** |
|        Third-Party Defendants. | **Magistrate Judge Paul M. Warner** |

District Judge Dale A. Kimball referred this case to Magistrate Judge Paul M. Warner

pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court are (1) Tetra Financial Group, LLC's

---

[1] *See* docket no. 26.

("Plaintiff") motion for a protective order[2] and Cell Tech International Inc.; Kazi Management VI, LLC; Zubair M. Kazi; and Jean Gleason's (collectively, "Defendants") motion to compel;[3] and (2) Plaintiff's motion to withdraw its jury demand and to strike the jury demand in Defendants' counterclaim and third-party complaint.[4]  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

## I.  Discovery Motions

In its motion for a protective order, Plaintiff asks the court to prohibit Defendants from seeking any information during discovery regarding (1) leases between Plaintiff and other customers, (2) other litigation in which Plaintiff is involved, (3) complaints from other customers of Plaintiff, and (4) Plaintiff's reporting structure for any time outside of when the lease in this case was executed.  In response to Plaintiff's motion, Defendants filed their motion to compel Plaintiff to respond to certain discovery requests from Defendants' First Set of Interrogatories and Defendants' First Set of Requests to Produce Documents.  Specifically, Defendants seek an order compelling Plaintiff to respond to Interrogatories No. 2, 3, 4, 6, and 7 and Document Requests No. 1-6, 10, 15-17, 28-30, 36-37, 41, and 44-45.

---

[2] *See* docket no. 24.

[3] *See* docket no. 33.

[4] *See* docket no. 36.

The general scope of discovery is governed by rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  "[T]he scope of discovery under the federal rules is broad and . . . 'discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues.'"  *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).  "Although the scope of discovery under the federal rules is broad, however, parties may not engage in a 'fishing expedition' in an attempt to obtain evidence to support their claims or defenses."  *Richards v. Convergys Corp.*, No. 2:05-cv-790-DAK, 2007 U.S. Dist. LEXIS 9131, at *10 (D. Utah Feb. 6, 2007) (quoting *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000)).  In the event that a party believes that the discovery sought by the opposing party is improper, rule 26(c) allows that party to move for a protective order.  *See* Fed. R. Civ. P. 26(c)(1) (allowing a party to move for a protective order and providing that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense").

Although Plaintiff's motion for a protective order does not identify specific discovery requests, it appears that the discovery requests identified in Defendants' motion cover the same general areas of inquiry identified in Plaintiff's motion.  Accordingly, the court will address the

discovery requests identified above (grouped together whenever possible) and determine whether Plaintiff is or is not required to provide responses to those requests.

Before addressing those discovery requests, however, the court makes two general observations. First, the court notes its agreement with Plaintiff's general position that many of the discovery requests at issue could be construed as being vague and overly broad. Specifically, while some of the requests contain appropriate subject-matter limitations, others do not. Accordingly, for any of the requests for which a response is ordered, the court will, if necessary, impose what it believes to be appropriate subject-matter limitations.

Second, the court also notes its agreement with Defendants' general position that Plaintiff has taken an overly narrow view of relevance for purposes of discovery. Indeed, many of Plaintiff's objections to the discovery requests at issue seem better suited to the more narrow issue of whether certain information will be admissible, rather than the issue before the court, which is the broader question of whether that information is discoverable. *See* Fed. R. Civ. P. 26(b)(1) ("Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). As the court has noted, the scope of discovery under the federal rules is broad, and discovery is intended to help clarify and define the issues in a case. *See id*.; *Martin Marietta Corp.*, 50 F.3d at 1520.

The court now turns to the discovery requests at issue. Plaintiff's motion for a protective order and Defendants' motion to compel are both granted in part and denied in part, as detailed below.

4

Interrogatory No. 2

The court concludes that the information sought by this interrogatory is relevant to the claims in this case and, therefore, is discoverable.  Plaintiff shall provide a response to this interrogatory within thirty (30) days of the date of this order.

Interrogatories No. 3-4

The court concludes that the information sought by these interrogatories is relevant to the claims in this case and, therefore, is discoverable.  However, the court also concludes that these interrogatories should be limited to the general subject matter at issue in this case, namely, finance leases.  By way of example, the court does not see how Plaintiff's policies, procedures, or practices that are unrelated to finance leases are relevant to the claims or defenses in this case. Accordingly, Plaintiff shall provide responses to these interrogatories within thirty (30) days of the date of this order, but said responses shall be limited to information related to finance leases.

Interrogatories No. 6-7 and Document Requests No. 16 and 44

The court concludes that the information sought by these interrogatories is relevant to the claims in this case and, therefore, is discoverable.  Plaintiff shall provide a response to these interrogatories within thirty (30) days of the date of this order.

With respect to the related document requests, the court has determined that they are unnecessary.  The responses to the interrogatories will provide Defendants with sufficient information about lawsuits and court rulings.  After receiving those responses, Defendants should be able to easily obtain any relevant documents.

<u>Document Requests No. 1-4</u>

Plaintiff has indicated that it originally objected to these requests, but later produced responsive documents.  Because Defendants do not address these requests in their reply memorandum, the court is left to assume that Plaintiff has indeed produced responsive documents.  Accordingly, this portion of Defendants' motion has been rendered moot.  If Defendants wish to further pursue their arguments related to these requests, they are free to renew those arguments in a new motion to compel.

<u>Document Requests No. 5-6, 15</u>

The court concludes that the information sought by these requests is relevant to the claims in this case and, therefore, is discoverable.  However, the court again concludes that these requests should be limited to the general subject matter at issue in this case, namely, finance leases.  Accordingly, Plaintiff shall provide responses to these requests within thirty (30) days of the date of this order, but said responses shall be limited to information related to finance leases.

<u>Document Request No. 10</u>

The court concludes that the information sought by this request is relevant to the claims in this case and, therefore, is discoverable.  To the extent that any of the information sought is protected by the attorney-client privilege, as Plaintiff has indicated, Plaintiff shall provide a privilege log to Defendants, along with further explanation as to why the information is entitled to such protection.

6

Document Request No. 17

Because Defendants do not address this request in their reply memorandum, the court is left to assume that they have abandoned their arguments with respect to it. Accordingly, the court concludes that this portion of Defendants' motion has been rendered moot. If Defendants wish to further pursue their arguments related to these requests, they are free to renew those arguments in a new motion to compel.

Document Requests No. 28-30

Plaintiff has indicated that it agreed to provide documents responsive to these requests. However, in their reply memorandum, Defendants have indicated that they still have not received any responsive documents. Accordingly, to the extent it has not already done so, Plaintiff shall provide responses to these requests within thirty (30) days of the date of this order.

Document Requests No. 36-37

Defendants have indicated in their reply memorandum that they have withdrawn Document Request No. 36. With respect to Document Request No. 37, both Plaintiff and Defendants have indicated that Plaintiff will provide responsive documents. Accordingly, this portion of Defendants' motion has been rendered moot.

Document Requests No. 41 and 45

The court concludes that the information sought by these requests is relevant to the claims in this case and, therefore, is discoverable. Plaintiff shall provide responses to these requests within thirty (30) days of the date of this order.

## II.  Plaintiff's Motion Concerning Jury Demands

In this motion, Plaintiff seeks to withdraw its jury demand and to strike the jury demand in Defendants' counterclaim and third-party complaint.  Plaintiff argues that Defendants waived any right to a jury trial when they entered into the Master Lease Agreement ("Agreement").  In response, Defendants raise several arguments.  First, Defendants argue that Plaintiff has failed to demonstrate that Defendants' consent to the jury trial waiver in the Agreement was voluntary and informed.  Second, Defendants argue that Plaintiff waived its right to enforce the jury trial waiver in the Agreement when it included a jury demand in its complaint.  Third, Defendants argue that the doctrine of equitable estoppel precludes Plaintiff from withdrawing its jury demand.  Fourth, Defendants argue that because certain of the counterclaims and third-party claims are "outside of the contract,"[5] the jury trial waiver is inapplicable to those claims.  Finally, Defendants argue that Plaintiff needs their consent to withdraw its jury demand.  The court will address Defendants' arguments in turn.

Defendants first argue that Plaintiff has failed to demonstrate that Defendants agreed to the jury trial waiver in the Agreement knowingly and voluntarily.  In the Tenth Circuit, "[a]greements waiving the right to trial by jury are neither illegal nor contrary to public policy." *Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837 (10th Cir. 1988).  In general, courts have refused to uphold contractual jury waivers only when the waiver is inconspicuous or there is a gross disparity in bargaining power.  *See id*.; *see also*, *TFG-North Carolina, L.P. v.*

---

[5]  Docket no. 40 at 7.

*Performance Fibers, Inc.*, No. 2:08-cv-942-TC-DN, 2009 U.S. Dist. LEXIS 41825, at *4 (D.
Utah May 15, 2009).

      In this case, the jury trial waiver is clear and conspicuous in the Agreement.  Contrary to
Defendants' assertion, the court does not believe it is "buried and unannounced."[6]  The jury trial
waiver is capitalized, unlike many other provisions of the Agreement, which draws sufficient
attention to it to make it conspicuous.  Further, while Defendants may have been at a slight
disadvantage from a bargaining standpoint, there was not a *gross* disproportion in bargaining
power.  Indeed, Defendants admit that they had the power to simply reject the Agreement, but
they chose not to do so.  Furthermore, the parties to the Agreement are sophisticated commercial
entities, each of which at least had access to competent counsel.  The fact that Defendants chose
to be represented by two relatively unsophisticated individuals during the negotiation of the
Agreement is not necessarily relevant to the issue of whether the actual parties to the Agreement
are sophisticated.

      For these reasons, the court cannot conclude that Defendants involuntarily or
unknowingly accepted the jury trial waiver contained in the Agreement.  Accordingly, the court
concludes that the waiver should be upheld.

      Defendants' remaining arguments are unpersuasive to the court.  As Plaintiff has noted,
Defendants have failed to cite to any specific legal authority to support the proposition that a
party who makes a jury demand in a contract dispute can somehow invalidate a jury trial waiver

---

[6] *Id*. at 11.

contained in the underlying contract.  In addition, and for the reasons set forth in Plaintiff's reply memorandum, Defendants' assertion of equitable estoppel is equally unpersuasive.

Defendants assertion that certain of the counterclaims and third-party claims are "outside of the contract"[7] is without merit.  All of the claims, counterclaims, and third-party claims in this case would not have been made but for the existence of the Agreement.  *P & P Indus., Inc. v. Sutter Corp.*, 179 F.3d 861, 871 (10th Cir. 1999) (addressing whether certain claims were covered by an arbitration clause in a contract and stating that "all claims with a significant relationship to the [contract,] regardless of the label attached to them, arise out of and are related to the [contract]" (quotations and citations omitted)); *see also Telum, Inc.*, 859 F.2d at 837-38 (looking to federal cases dealing with arbitration clauses in analyzing jury trial waivers).

Finally, Defendants argue that Plaintiff needs their consent to withdraw its jury demand. *See* Fed. R. Civ. P. 38(d).  That argument fails.  The court has concluded that the claims, counterclaims, and third-party claims in this case relate to and arise out of the Agreement.  The court has also concluded that the jury trial waiver in the Agreement should be upheld.  Based on those conclusions, the court has determined that any jury demand made on the claims, counterclaims, or third-party claims was improper.  *See id*. ("A *proper* demand may be withdrawn only if the parties consent." (emphasis added)).

Based on the foregoing, the court concludes that Plaintiff's motion to withdraw its jury demand and to strike the jury demand in Defendants' counterclaim and third-party complaint is granted.

---

[7] *Id*. at 7.

10

In summary, **IT IS HEREBY ORDERED:**

1.      Plaintiff's motion for a protective order[8] and Defendants' motion to compel[9] are

    **GRANTED IN PART AND DENIED IN PART**, as detailed above.

2.      Plaintiff's motion to withdraw its jury demand and to strike the jury demand in

    Defendants' counterclaim and third-party complaint[10] is **GRANTED**.

**IT IS SO ORDERED**.

DATED this 13th day of November, 2009.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[8]  *See* docket no. 24.

[9]  *See* docket no. 33.

[10]  *See* docket no. 36.