# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **TETRA FINANCIAL GROUP, LLC**, a Utah limited liability company,<br><br>    **Plaintiff and Counterclaim Defendant,**<br><br>v.<br><br>**CELL TECH INTERNATIONAL, INC.** a Delaware corporation; **KAZI MANAGEMENT VI, LLC**, a U.S. Virgin Islands limited liability company; **ZUBAIR M. KAZI**, an individual; and **JEAN GLEASON**, an individual,<br><br>    **Defendants and Counterclaim Plaintiffs.** | **MEMORANDUM DECISION AND ORDER**<br><br><br><br>Case No. 2:08-cv-935-DAK-PMW |
| **CELL TECH INTERNATIONAL, INC.** a Delaware corporation,<br><br>    **Third-Party Plaintiff,**<br><br>v.<br><br>**TRENTON JELACO**, an individual; and **GREG EMERY**, an individual,<br><br>    **Third-Party Defendants.** | **District Judge Dale A. Kimball**<br><br><br><br>**Magistrate Judge Paul M. Warner** |

District Judge Dale A. Kimball referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are Cell Tech International, Inc.; Kazi

---

[1] *See* docket no. 26.

Management VI, LLC; Zubair M. Kazi; and Jean Gleason's (collectively, "Defendants") second motion to compel;[2] and Tetra Financial Group, LLC's ("Tetra") motion for a hearing or, alternatively, for leave to file a sur-reply on Defendants' second motion to compel.[3]

The court will first address Tetra's motion for a hearing or, alternatively, for leave to file a sur-reply. The court has carefully reviewed the parties' written submissions on both Tetra's motion and Defendants' motion. Based on that review, the court concludes that a sur-reply from Tetra is unnecessary. The court also concludes that oral argument on Defendants' motion is unnecessary. *See* DUCivR 7-1(f). For these reasons, Tetra's motion is denied.

The court now turns to Defendants' second motion to compel. In that motion, Defendants present arguments about numerous discovery requests. The court will address them in the order as set forth in Defendants' motion.

### I. Defendants First Set of Requests to Produce Documents

#### A. Document Request No. 6

This portion of Defendants motion is denied. Put simply, the court cannot order Tetra to produce what it claims it does not have. Furthermore, it appears that Defendants have already identified and located any applicable guidelines.

#### B. Document Request No. 10

Defendants have indicated in their reply memorandum that they have withdrawn this portion of their motion. Therefore, the court will not address it.

---

[2] *See* docket no. 66.

[3] *See* docket no. 75.

### C. Document Requests No. 15 and 29

The court agrees with Defendants' arguments concerning these requests. Tetra is not free to unilaterally narrow the subject matter of document requests. These requests ask for documents concerning all types of customer complaints, not just the types of complaints that Tetra has determined it wishes to disclose. This portion of Defendants' motion is granted, and Tetra is ordered to produce documents responsive to these requests within thirty days of the date of this order. Said production shall be limited to the five-year period referenced in document request no. 15 and shall include documents about all types of customer complaints, including those concerning the timing or amount of lease payments.

### D. Document Request No. 17

Tetra's arguments concerning this request are not persuasive to the court. The court has determined that the documents sought by this request fall within the broad scope of discovery. *See* Fed. R. Civ. P. 26(b)(1). Accordingly, this portion of Defendants' motion is granted. Tetra shall provide a full response to this request within thirty days of the date of this order.

### E. Document Request No. 41

In a November 13, 2009 memorandum decision and order ("November 13 Order"),[4] this court ordered Tetra to produce documents responsive to this request. Tetra claims it has now produced all responsive documents that are not subject to the attorney-client privilege. In their motion, Defendants appear to argue that they are entitled to all documents responsive to this request, including those that Tetra claims are protected by the attorney-client privilege, because

---

[4] *See* docket no. 52.

Tetra did not include a specific objection concerning the attorney-client privilege in their original response to this request.

Defendants' position is without merit. Defendants do not argue that the documents in question are not covered by the attorney-client privilege. Instead, Defendants appear to argue that Tetra somehow waived its claim of attorney-client privilege by failing to include a specific objection for the privilege in its original response to this request. Notably, however, Defendants have failed to provide any legal authority for that position. Furthermore, Defendants admit that Tetra included a general objection concerning the attorney-client privilege in its original response. The court views that general objection as more than sufficient to preserve any arguments Tetra had with respect to the attorney-client privilege. For these reasons, this portion of Defendants' motion is denied.

### F. Document Request No. 45

In the November 13 Order, this court ordered Tetra to produce documents responsive to this request. Although Tetra has produced responsive documents, Defendants argue that the production is deficient and incomplete. In essence, it appears that Defendants believe there are additional organizational charts that Tetra has failed to produce. Tetra responds by indicating that it has produced all responsive documents.

This portion of Defendants motion is denied. As indicated earlier, the court cannot order Tetra to produce what it claims it does not have.

## II. Defendants' Second Set of Interrogatories and Requests for Production of Documents

### A. Interrogatory No. 1

Defendants' arguments concerning this interrogatory are without merit. Because the court believes Tetra's response to this interrogatory is sufficient, this portion of Defendants' motion is denied.

### B. Interrogatories No. 3 and 5

Given that fact discovery was ongoing when Tetra provided its responses to these interrogatories, the court believes those responses were sufficient. Consequently, this portion of Defendants' motion is denied.

### C. Document Request No. 5

Defendants' arguments concerning this document request are without merit. Tetra has indicated that it has produced all responsive documents in its possession, custody, or control and would supplement that production if additional documents became available during discovery. Because that response is sufficient and proper, this portion of Defendants' motion is denied.

### D. Document Request No. 8

Defendants have indicated in their reply memorandum that they have withdrawn this portion of their motion. Therefore, the court will not address it.

## III. Defendants' First Set of Requests for Admission

With respect to the following requests for admission, Defendants argue that Tetra's responses are insufficient. Defendants do not ask for amended answers to their interrogatories; instead, they ask that the court deem the requests admitted. *See* Fed. R. Civ. P. 36(a)(6) ("On

finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.").

### A. Requests for Admission No. 1 and 3

Defendants arguments concerning these requests for admission are overly technical and without substantive merit.  Tetra's responses indicate that it lacked sufficient knowledge to answer these requests and, therefore, denied them.  Those responses are adequate.  Accordingly, this portion of Defendants' motion is denied.

### B. Requests for Admission No. 5, 14, and 15

Based on Tetra's responses to these requests and the parties' arguments on the motion before the court, it appears that these requests ask for information about, or at least reference, disputed issues of fact.  Requests for admission are ill-suited to resolve disputed factual issues.

"Rule 36 was designed as a device by which at least some of the material facts of a case could be established without the necessity of formal proof at the trial."  *Champlin v. Okla. Furniture Mfg. Co.*, 324 F.2d 74, 76 (10th Cir. 1963); *see also Keen v. Detroit Diesel Allison*, 569 F.2d 547, 554 (10th Cir. 1978).  Responses to requests for admission may be established "as undisputed material facts in the case, provided, the parties are in agreement about such facts."  *Champlin*, 324 F.2d at 76.

> Although Rule 36 is included in the division of the Rules of Civil Procedure covering depositions and discovery, requests for admission are distinguishable from other discovery devices.  While the basic purpose of discovery is to elicit facts and information and to obtain production of documents, Rule 36 was not designed for

> this purpose. Instead, requests for admission are used to establish admission of facts about which there is no real dispute.
>
> . . . .
>
> Because Rule 36 was not designed to elicit information, to obtain discovery of the existence of facts, or obtain production of documents, requests for admission should not be used as a method of discovery for those purposes. That is to say, resorting to requests for admission should not be considered a substitute for other discovery tools, if other tools are necessary to elicit facts, establish information, or to obtain documents.

7-36 Moore's Federal Practice - Civil § 36.02[1], [2] (2010) (footnotes omitted).

While the court can appreciate Defendants' desire to elicit information about disputed issues of fact, requests for admission are not the appropriate tool for that task. The rules of discovery provide Defendants with various other tools that are better suited and were designed for eliciting information about those issues. In short, after considering both the subject matter of and Tetra's responses to these requests for admission, the court does not believe that Tetra's responses are insufficient or improper. Therefore, this portion of Defendants' motion is denied.

### C. Requests for Admission No. 16 and 17

Defendants arguments concerning these requests for admission are overly technical and without substantive merit. Tetra's responses fairly addressed to the substance of the requests, notwithstanding some vague terms contained within those requests. Accordingly, this portion of Defendants' motion is denied.

* * * * *

In summary, **IT IS HEREBY ORDERED:**

1. Tetra's motion for a hearing or, alternatively, for leave to file a sur-reply on Defendants' second motion to compel[5] is **DENIED**.

2. Defendants' second motion to compel[6] is **GRANTED IN PART** and **DENIED IN PART**, as detailed above.

**IT IS SO ORDERED**.

DATED this 28th day of April, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[5] *See* docket no. 75.

[6] *See* docket no. 66.