# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| TETRA FINANCIAL GROUP, LLC, a Utah limited liability company,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>CELL TECH INTERNATIONAL, INC. a Delaware corporation; KAZI MANAGEMENT VI, LLC, a U.S. Virgin Islands limited liability company; ZUBAIR M. KAZI, an individual; and JEAN GLEASON, an individual,<br><br>    Defendants and Counterclaim Plaintiffs. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:08-cv-935-DB-PMW |
| CELL TECH INTERNATIONAL, INC. a Delaware corporation,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>TRENTON JELACO, an individual; and GREG EMERY, an individual,<br><br>    Third-Party Defendants. | District Judge Dee Benson<br><br>Magistrate Judge Paul M. Warner |

This case was referred to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are (1) Cell Tech International, Inc.; Kazi Management VI, LLC; Zubair M. Kazi; and Jean Gleason's (collectively, "Defendants") motion to strike portions of the declaration of Lon Secrist ("Secrist Declaration");[2] (2) Defendants' motion to strike portions of the declaration of Scott Scharman ("Scharman Declaration");[3] and (3) Tetra Financial Group, LLC's ("Tetra") motion to exclude Defendants' newly added witnesses, damages claims, and documents.[4] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

## I. Defendants' Motions to Strike

Rule 56(c)(4) of the Federal Rules of Civil Procedure provides:

> An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

---

[1] This case was originally assigned to District Judge Dale A. Kimball, *see* docket no. 1, who entered the original order referring this case to Magistrate Judge Warner pursuant to 28 U.S.C. § 636(b)(1)(A). *See* docket no. 26. In November 2010, this case was reassigned to District Judge Dee Benson, who affirmed the order of reference. *See* docket no. 144.

[2] *See* docket no. 123.

[3] *See* docket no. 125.

[4] *See* docket no. 141.

Fed. R. Civ. P. 56(c)(4). In their two motions to strike, Defendants argue that portions of the Secrist Declaration[5] and the Scharman Declaration,[6] which were filed by Tetra in relation to the parties' pending motions for summary judgment, should be stricken pursuant to that portion of rule 56. The court will address each declaration in turn.

### A. Secrist Declaration

Defendants argue that paragraph 8 of the Secrist Declaration should be stricken because it constitutes inadmissible hearsay and hearsay within hearsay under the Federal Rules of Evidence. *See* Fed. R. Evid. 801, 802, 805. The court agrees and concludes that Tetra's opposing arguments are without merit. Accordingly, Defendants' motion to strike paragraph 8 of the Secrist Declaration is granted.

### B. Scharman Declaration

Defendants argue that various paragraphs of the Scharman Declaration should be stricken because they constitute inadmissible evidence. More specifically, Defendants argue that the relevant paragraphs of the Scharman Declaration "are not based upon Scharman's personal knowledge, are speculative, lack foundation, are argumentative, constitute hearsay, or are conclusory."[7] Defendants also argue that those paragraphs

> violate federal evidentiary rules and case law to the extent they contradict former deposition testimony, are outside the scope of

---

[5] *See* docket no. 108, Exhibit No. 33.

[6] *See* docket no. 108, Exhibit No. 32.

[7] Docket no. 126 at 3.

> permissible lay witness testimony pursuant to [rule 701 of the
> Federal Rules of Evidence], or otherwise violate the best evidence
> rule pursuant to [rule 1002 of the Federal Rules of Evidence]
> and/or the parol evidence rule.[8]

After carefully considering the relevant paragraphs of the Scharman Declaration and Defendants' arguments relating to those paragraphs, the court is not persuaded that any of those paragraphs should be stricken, with one exception. The court concludes that paragraph 21 of the Scharman Declaration should be stricken because it contains inadmissible hearsay. *See* Fed. R. Evid. 801, 802, 805. Accordingly, Defendants' motion to strike portions of the Scharman Declaration is granted with respect to paragraph 21 and denied with respect to all other paragraphs.

## II. Tetra's Motion to Exclude Defendants' Newly Added Witnesses, Damages Claims, and Documents

Some discussion of the current scheduling order in this case is necessary to provide context for Tetra's motion to exclude. All parties stipulated to the current scheduling order in this case,[9] which indicates that initial disclosures were completed in this case in April 2009; the fact discovery deadline was April 9, 2010; the expert discovery deadline was July 30, 2010; the final date for supplementation of disclosures under rule 26(e) of the Federal Rules of Civil

---

[8] *Id*.

[9] *See* docket nos. 84, 86.

Procedure was August 6, 2010; and the deadline for filing dispositive motions was August 13, 2010.[10]

In this motion, Tetra seeks to exclude witnesses, damages claims, and documents that were disclosed by Defendants for the first time on July 30, 2010. While Tetra admits that those disclosures were made prior to the August 6, 2010 deadline for supplementation of disclosures, it argues that the late nature of the disclosures renders them untimely and prejudicial. Tetra also argues that Defendants' July 30, 2010 supplemental disclosures do not comply with rule 26(a) of the Federal Rules of Civil Procedure because Defendants have provided insufficient information about the new witnesses and the new categories of damages.

With respect to the timing of the disclosures, the court cannot conclude that they are untimely. While the court may have some questions about the amount of information that was disclosed for the first time at such a late date, it is undisputed that Defendants provided their supplemental disclosures prior to the agreed-upon deadline for doing so. If Tetra wanted that deadline to apply to the supplementation of only certain types of disclosures, it should have ensured that such a limitation was expressed in the stipulated scheduling order.

Turning to prejudice, the court agrees with Tetra that Defendants' supplemental disclosures impose some level of prejudice. At the same time, Tetra's argument concerning prejudice is weakened by its delay in bringing its motion to exclude. Defendants' supplemental disclosures were made on July 30, 2010, and Tetra did not bring its motion to exclude until

---

[10] *See* docket no. 86.

November 24, 2010. Nevertheless, to the extent that Defendants' supplemental disclosures have caused prejudice to Tetra, the court has determined that the current schedule provides ample time to remedy any such prejudice. Although the current scheduling order indicates that trial in this case was to commence on January 24, 2011, that trial setting was vacated on October 19, 2010, in light of the parties' pending motions for summary judgment, and Judge Kimball set a hearing on those motions for summary judgment for January 19, 2011.[11] In addition, in November 2010, this case was reassigned from Judge Kimball to Judge Benson,[12] and Judge Benson has not set a new trial date and has rescheduled the hearing on the parties' summary judgment for February 10, 2011.[13]

In light of that open-ended schedule, the court will not exclude Defendants' July 30, 2010 supplemental disclosures. Accordingly, Tetra's motion is denied. However, the court will order that Tetra be allowed to conduct any necessary discovery on the newly added witnesses, damages claims, and documents included in Defendants' July 30, 2010 supplemental disclosures. After conducting that discovery, Tetra may request leave of court to file any motions that appear to be necessary because of that additional discovery.

Turning to the substance of the supplemental disclosures, the court concludes that they comply with the requirements of rule 26(a), with the exception of several of the identified

---

[11] *See* docket no. 116.

[12] *See* docket no. 144.

[13] *See* docket no. 147.

witnesses. The court concludes that it is unacceptable for Defendants to unilaterally determine that certain of their witnesses may be contacted by Tetra only through Defendants' counsel. Notably, Defendants have not provided the court with any authority for that proposition. If Defendants remove that condition, those witnesses will remain as part of their supplemental disclosures. If Defendants are unwilling to remove that condition, Tetra may renew its motion to exclude with respect to those witnesses. Finally, while Defendants are correct that rule 26(a) requires them to provide only the names of people with discoverable information, they are directed to provide Tetra with any known contact information for any of those individuals. *See* Fed. R. Civ. P. 26(a)(1)(A)(i) (requiring a party to provide "the name and, *if known*, the address and telephone number of each individual likely to have discoverable information" (emphasis added)).

In their response to Tetra's motion, Defendants have requested the costs and attorney fees they incurred in responding to Tetra's motion. Under the circumstances, the court does not believe such an award is appropriate. Accordingly, Defendants' request is denied.

\* \* \* \* \*

In summary, **IT IS HEREBY ORDERED:**

1. Defendants' motion to strike portions of the Secrist Declaration[14] is **GRANTED**, as indicated above.

---

[14] *See* docket no. 123.

2. Defendants' motion to strike portions of the Scharman Declaration[15] is **GRANTED IN PART AND DENIED IN PART**, as indicated above.

3. Tetra's motion to exclude Defendants' newly added witnesses, damages claims, and documents[16] is **DENIED**, as indicated above.

4. Defendants' request for an award of the costs and attorney fees they incurred in responding to Tetra's motion to exclude is **DENIED**.

**IT IS SO ORDERED**.

DATED this 14th day of January, 2011.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[15] *See* docket no. 125.

[16] *See* docket no. 141.