IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TETRA FINANCIAL GROUP, LLC, a Utah limited liability company,<br><br>Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>CELL TECH INTERNATIONAL INCORPORATED, a Delaware corporation; KAZI MANAGEMENT VI, LLC, a U.S. Virgin Islands limited company, ZUBAIR M. KAZI, an individual, and JEAN GLEASON, an individual,<br><br>Defendants/Counterclaimants.<br><br>CELL TECH INTERNATIONAL INCORPORATED, a Delaware corporation,<br>    Third Party Plaintiff,<br><br>vs.<br><br>TRENTON JELACO, an individual; GREG EMERY, an individual,<br>    Third Party Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST PLAINTIFF'S DEFAMATION CLAIMS<br><br>Case No. 2:08-CV-935 TS |

This matter is before the Court on Defendants' Motion for Partial Summary Judgment Against Plaintiff's Defamation Claims. Defendants/Counterclaimants seek summary judgment on Plaintiffs' defamation-related causes of action. Plaintiff indicates that it only seeks to proceed on its libel *per se* claim and does not oppose dismissal of its slander, slander *per se*, and libel claims.[1] As a result, those claims will be dismissed, leaving only Plaintiff's libel *per se* claim. As discussed below, Defendants are entitled to summary judgment on this remaining claim.

## I. BACKGROUND

Tetra Financial and Cell Tech entered into the Master Lease Agreement. After entering into the Master Lease Agreement, Jean Gleason, the Chief Financial Officer of Cell Tech began to have concerns about the agreement and Tetra Financial.[2]

These concerns led Ms. Gleason prepared a letter to Tetra stating:

We have obtained council [sic] and it appears that we have entered into fraudulent contract which voids the terms of the contract. You misrepresented the terms of the contract and your constant delay tactics permit us to terminate. Per our attorney, Tetra's behavior had been egregious!

Ms. Gleason sent courtesy copies of this letter to Robert Underwood, Cell Tech's then C.E.O. and Utah State Senator Curtis Bramble. Ms. Gleason sent a copy of the letter to Senator Bramble to try to inform him of Cell Tech's situation and to hopefully get his help, as he was identified in news articles as looking to enact legislation to ban or restrict a certain type of lease.

---

[1] Docket No. 109 at ii n.2.

[2] The exact nature of Ms. Gleason's concerns and Cell Tech's allegations of wrongdoing against Tetra Financial are fully set out in the parties' briefs, but are largely irrelevant to the determination of the instant Motion.

Ms. Gleason believed that Cell Tech and Tetra Financial had entered into a similar type of agreement. It is this letter that serves as the basis for Plaintiff's libel *per se* claim.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the moving party can demonstrate that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law.[3] In considering whether a genuine issue of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[4] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[5] Both movants and nonmovants of summary judgment motions must support their assertions by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."[6]

## III. DISCUSSION

Libel is a subset of the tort of defamation.[7] "'Libel consists of the publication of defamatory matter by written or printed words . . . in physical form or by any other form of

---

[3] FED. R. CIV. P. 56(a).

[4] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[5] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[6] FED. R. CIV. P. 56(c)(1).

[7] *Jensen v. Sawyers*, 130 P.3d 325, 332 n.6 (Utah 2005).

communication that has the potentially harmful qualities characteristic of written or printed words.'"[8]  "To state a claim for defamation, [the plaintiff] must show that defendants published the statements concerning him, that the statements were false, defamatory, and not subject to any privilege, that the statements were published with the requisite degree of fault, and that their publication resulted in damage."[9]

> In order to constitute [libel] per se, without a showing of special harm, it is necessary that the defamatory words fall into one of four categories: (1) charge of criminal conduct, (2) charge of a loathsome disease, (3) charge of conduct that is incompatible with the exercise of a lawful business, trade, profession, or office; and (4) charge of the unchastity of a woman.[10]

At issue here is the third category: charge of conduct that is incompatible with the exercise of a lawful business, trade, profession, or office.

In their Motion for Summary Judgment, Defendants/Counterclaimants argue: (1) Ms. Gleason's statements are true; (2) Plaintiff has failed to show publication; and (3) the statements are privileged. The Court agrees that the letter is privileged. Therefore, the Court need not discuss the parties' remaining contentions.

Defendants/Counterclaimants argue that the letter is protected by three privileges. Plaintiff argues that the privileges do not apply and, even if the letter is privileged, the various privileges have been lost. The Court finds that the public interest privilege protects the letter and that the privilege has not been lost.

---

[8] *Id*. (quoting Restatement (Second) of Torts § 568(1) (1977)).

[9] *West v. Thomson Newspapers*, 872 P.2d 999, 1007-08 (Utah 1994).

[10] *Allred v. Cook*, 590 P.2d 318, 320 (Utah 1979).

4

Defendants/Counterclaimants argue that the privilege for a communication to one who may act in the public interest applies in this case. Restatement (Second) of Torts § 598 states:

> An occasion makes a publication conditionally privileged if the circumstances induce a correct or reasonable belief that
> (a) there is information that affects a sufficiently important public interest, and
> (b) the public interest requires the communication of the defamatory matter to a public officer or a private citizen who is authorized or privileged to take action if the defamatory matter is true.[11]

Comment d states that this rule is applicable "when any recognized interest of the public is in danger, including . . . the interest in obtaining legislative relief from socially recognized evils."[12] Comment e provides that "[t]he rule stated in this Section is applicable to defamatory communications to public officials concerning matters that affect the discharge of their duties."[13] That comment goes on to state:

> [I]t is the duty of officers exercising legislative powers to consider and enact legislation appropriate for the solution of recognized social, economic and political evils. To do so, it is desirable that the officers obtain information and data tending to disclose the extent and character of the problems and the probable effects of remedial legislation. Therefore, petitions for legislative relief from socially recognized evils are within the rule stated in this Section.[14]

Plaintiff argues that this privilege should not be used here because it has not been recognized under Utah law and that the letter does not fall within the scope of the privilege. As to the first argument, Plaintiff is correct that Utah has not adopted this portion of the

---

[11] Restatement (Second) of Torts § 598.

[12] *Id.*, cmt. d.

[13] *Id.*, cmt. e.

[14] *Id.*

5

Restatement. However, the Utah Supreme Court has adopted a number of Restatements provisions concerning similar privileges and the Court predicts that the Utah Supreme Court would adopt this privilege as well.[15] Therefore, the Court will adopt the privilege here.

Plaintiff also argues that the privilege does not apply here. The Court disagrees. As set forth above, the privilege recognizes the importance of legislative officials to consider and enact legislation to address "social, economic and political evils." The purpose of the privilege is to protect statements disclosing the extent and character of such problems. Here, there is evidence that Senator Bramble was considering legislation to address a certain type of lease out of concern for businesses that had entered into these leases. Ms. Gleason, believing that she had entered into such a lease, provided the letter to Senator Bramble to alert him to Cell Tech's situation and to seek out help. Such activity clearly falls within the confines of the privilege.

Plaintiff next argues that this conditional privilege has been lost because Ms. Gleason knew her statements were false. The Utah Supreme Court has held that "a plaintiff can show abuse of a conditional privilege where the defendant (1) made a defamatory statement knowing it to be false or (2) acted in reckless disregard as to its falsity."[16]

> To prove knowledge of falsity, a plaintiff must present evidence that shows the defendant knows the defamatory statement is untrue. Likewise, acting with reckless disregard as to the statement's falsity involves a showing of subjective intent or state of mind. The Restatement explains that reckless disregard as to

---

[15] *See Johnson v. Riddle*, 305 F.3d 1107, 1118 (10th Cir. 2002) ("When the federal courts are called upon to interpret state law, the federal court must look to the rulings of the highest state court, and, if no such rulings exist, must endeavor to predict how that high court would rule.")

[16] *Ferguson v. Williams & Hunt, Inc.*, 221 P.3d 205, 214-15 (Utah 2009).

falsity "exists when there is a high degree of awareness of probable falsity or serious doubt as to the truth of the statement." But while reckless disregard is substantially subjective, certain facts may show, regardless of the publisher's bald assertions of belief, that the publisher's allegations are so inherently improbable that only a reckless man would have put them in circulation or that there are obvious reasons to doubt the veracity of the informant or the accuracy of his reports. Therefore, reckless disregard as to the falsity of statement that a defendant honestly believed to be true is determined by a subjective inquiry as to the defendant's belief and an objective inquiry as the inherent improbability of or obvious doubt created by the facts.[17]

Plaintiff argues that Ms. Gleason knew her statements were not true or, at the very least, she acted with reckless disregard as to their falsity. As stated, part of Ms. Gleason's concern over the agreement between Tetra Financial and Cell Tech arose because of two newspaper articles she read concerning a certain type of lease. Plaintiff argues that Ms. Gleason knew or should have known that those leases are legal in Utah and that she knew or should have known that the lease agreement between Tetra Financial and Cell Tech was different from those leases discussed in the article.

This argument is insufficient to prove that Ms. Gleason knew her statement to be false or acted in reckless disregard to its falsity. Indeed, Ms. Gleason and Cell Tech continue to assert that her statements were true. Therefore, Plaintiff has not met its burden of showing that the conditional privilege has been lost.

---

[17]*Id*. at 215 (quoting Restatement (Second) of Torts § 600 cmt. b) (other quotation marks and citations omitted).

## IV. CONCLUSION

It is therefore

ORDERED that Defendants' Motion for Partial Summary Judgment Against Plaintiff's Defamation Claims (Docket No. 94) is GRANTED.

Pursuant to this Court's standard practice, the Court will refer the parties to settlement by separate order.

DATED   May 6, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge