IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TETRA FINANCIAL GROUP, LLC, a Utah limited liability company,<br><br>     Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>CELL TECH INTERNATIONAL INCORPORATED, a Delaware corporation; KAZI MANAGEMENT VI, LLC, a U.S. Virgin Islands limited company; ZUBAIR M. KAZI, an individual; and JEAN GLEASON, an individual,<br><br>     Defendants/Counterclaimants.<br><br>―――――――――――――――――――――<br><br>CELL TECH INTERNATIONAL INCORPORATED, a Delaware corporation,<br>     Third Party Plaintiff,<br><br>vs.<br><br>TRENTON JELACO, an individual; GREG EMERY, an individual,<br>     Third Party Defendants. | MEMORANDUM DECISION AND ORDER DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT<br><br><br><br>Case No. 2:08-CV-935 TS |

1

This matter is before the Court on (1) Tetra Financial's Motion for Summary Judgment on Contract Claims and on Cell Tech's Counterclaim and Third Party Complaint and (2) Cell Tech's Motion for Partial Summary Judgment Against Plaintiff's Contract Claims and on Defendants' Contract, Fraud, Negligent Misrepresentation, and Unconscionability Claims, and on Third-Party Plaintiffs' Fraud and Negligent Misrepresentation Claims. The parties present cross motions for summary judgment on their various contract and contract-related claims. For the reasons discussed below, the Court will deny both Motions.

## I.  BACKGROUND

Most of the facts of this case are in dispute. The following is a description of those facts that are undisputed, as well as a discussion of some of the important facts that are in dispute.

Defendant Cell Tech, through its subsidiary corporation, manufactures and distributes supplements, focusing on blue-green-algae based products. On or about September 25, 2007, Cell Tech entered into a Software License Agreement and Software Service Agreement (collectively, "Software Agreements") with JIA, Inc. (hereinafter "Jenkon"). Pursuant to the Software Agreements, Cell Tech hired Jenkon to build a software program and update all aspects of Cell Tech's business operations. The anticipated cost for the initial Jenkon software and service package was approximately $400,000. Additional programming costs incurred after execution of the Software Agreements raised the anticipated cost.

By May 2008, Cell Tech had paid Jenkon approximately $248,000 towards the price of the software. During this time period, Cell Tech was experiencing cash flow and financial difficulties and was seeking immediate financing to complete the deal with Jenkon.

It is around this time that Cell Tech came into contact with Trenton Jelaco, a National Account Executive with Tetra. Cell Tech alleges that Mr. Jelaco made certain material misrepresentations in these discussion. Specifically, Cell Tech alleges that Jelaco falsely stated that Tetra had been in business for 21 years, was a direct lender, and could provide funding within a matter of days. Cell Tech alleges that it relied upon these representations in making its decision to ultimately enter into an agreement with Tetra. Tetra, of course, disputes this characterization of these statements.

Cell Tech and Tetra entered into a Letter of Intent ("LOI") on May 16, 2008.[1] The LOI outlined the basic terms of the parties' agreement whereby Tetra would finance the Software for Cell Tech. The LOI provided: the total amount of the proposed funding was not to exceed $400,000; a base lease term of 24 months; a base lease rate factor of .04275; a base monthly rental of $17,100; and a deposit of 40% of the cost of the equipment.

On June 25, 2008, Tetra Financial sent Cell Tech a set of lease documents (the "Lease Documents"). The parties disagree over the terms of the Lease Documents and dispute whether the Lease Documents comport with the parties' agreement under the LOI.

When executing the Lease Documents, Ms. Gleason, an employee of Cell Tech, discovered a term of the agreement—the Progress Service Charge—which gave her concern. Ms. Gleason wrote an email to Greg Emery with Tetra Financial in which she asked about any hidden charges and stated her belief that the Progress Service Charge did not apply.[2] Mr. Emery

---

[1] Docket No. 97, Ex. K.

[2] Docket No. 99, Ex. L.

responded that there were no hidden fees.[3] The parties dispute whether this statement was true. Cell Tech did sign the Lease Documents and returned them to Tetra.

The parties disagree over what happened after the Lease Documents were signed. Tetra asserts that it acted in accordance with the terms of the Lease Documents and preformed as required thereunder. Cell Tech, however, asserts that Tetra did not perform as required and engaged in activity which constituted a breach of the agreement. The relationship of the parties continued to deteriorate until the instant litigation ensued.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the moving party can demonstrate that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law.[4] In considering whether a genuine issue of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[5] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[6] Both movants and nonmovants of summary judgment motions must support their assertions by "citing to particular parts of materials in the record" or "showing that the

---

[3]*Id*.

[4]FED. R. CIV. P. 56(a).

[5]*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[6]*See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."[7]

III. DISCUSSION

Tetra Financial brought this action against Defendants on December 3, 2008. A Second Amended Complaint was filed on August 1, 2009. In the Second Amended Complaint, Plaintiff brings claims for breach of contract against Cell Tech, breach of guaranty against Defendants Kazi Management and Kubair Kazi, four defamation claims,[8] and unjust enrichment against Cell Tech. Defendants have filed an Answer and a Counterclaim. Additionally, Cell Tech has filed a Third Party Complaint against Third Party Defendants Trenton Jelaco and Greg Emery. Defendants/Counterclaimants seek declaratory judgment and bring claims for breach of contract, breach of the implied covenant of good faith and fair dealing, negligent misrepresentation, intentional misrepresentation, and unjust enrichment. The Third Party Complaint brings claims for fraudulent misrepresentation and negligent misrepresentation. The parties now move for summary judgment on these various claims.

Though this case is complex, the resolution of these summary judgment motions is not. There are so many genuine issues of material fact in relation to each of the parties' claims that it is impossible to grant either party summary judgment on any of their claims. Therefore, summary judgment is inappropriate and must be denied.

---

[7]FED. R. CIV. P. 56(c)(1).

[8]The defamation-based claims are the subject of a separate Motion for Summary Judgment.

5

## IV. CONCLUSION

It is therefore

ORDERED that Tetra Financial's Motion for Summary Judgment on Contract Claims and on Cell Tech's Counterclaim and Third Party Complaint and Cell Tech's Motion for Partial Summary Judgment Against Plaintiff's Contract Claims and on Defendants' Contract, Fraud, Negligent Misrepresentation, and Unconscionability Claims, and on Third-Party Plaintiffs' Fraud and Negligent Misrepresentation Claims (Docket Nos. 90 and 96) are DENIED.

Pursuant to this Court's standard practice, the Court will refer the parties to settlement by separate order.

DATED   May 6, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge